Lawrence Spasojevich (LS 1029)
Imran Ansari (IA 1978)
Aidala, Bertuna & Kamins, P.C.
*Attorneys for Plaintiff(s)*
546 5th Avenue
New York, New York 10036
Tele:   (212) 486-0011
Email: ls@aidalalaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DANIELLE M. CHIPOCO and BRELYNN LEXI GONSALES,

CASE NO. 1:19-cv-11446

Plaintiff(s),

**FIRST AMENDED
COMPLAINT**

-against-

MADISON HAIR INC., A & B HAIR, INC.,
and MICHELLE HONG,

ECF Case,

Defendant(s).

---

Plaintiff(s), DANIELLE M. CHIPOCO and BRELYNN  LEXI GONSALES, by and through the

undersigned attorneys, Lawrence Spasojevich and Imran Ansari of Aidala, Bertuna & Kamins,

P.C., hereby files this First Amended Complaint against Defendant(s), MADISON HAIR INC.,

A & B HAIR, INC., and MICHELLE HONG, (collectively "Defendant(s)"), and states as

follows:

## **INTRODUCTION**

1.      Plaintiff(s) allege that, under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201,

et seq. ("FLSA"), Plaintiff(s) are entitled to recover from Defendant(s): (1) unpaid wages at the

minimum wage rate; (2) unpaid wages at the overtime wage rate; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2.      Plaintiff(s) further allege that, under the New York Labor Law ("NYLL"), Plaintiff(s) are entitled to recover from the Defendant(s): (1) unpaid wages at the minimum wage rate; (2) unpaid wages at the overtime wage rate; (3) improperly deducted wages; (4) due commissions at the agreed-upon rate; (5) statutory penalties; (6) prejudgment and post-judgment interest; and (7) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1332, 1337, and 1343, and has supplemental jurisdiction over Plaintiff(s) state law claims under 28 U.S.C. § 1367.

4.      Venue is proper in the Southern District under 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.      Plaintiff(s), DANIELLE M. CHIPOCO, is an adult resident of Hudson County, New Jersey.

6.      Plaintiff(s), BRELYNN LEXI GONSALES, is an adult resident of Queens County, New York.

7.      Upon information and belief, Defendant, MADISON HAIR INC., is a domestic business corporation, organized and existing under the laws of the State of New York, with a place of business located at 605 Madison Avenue, 2nd Floor, New York, New York 10022.

8.      Upon information and belief, Defendant, A & B HAIR, INC., is a domestic business corporation, organized and existing under the laws of the State of New York, with a place of business located at 605 Madison Avenue, 2nd Floor, New York, New York 10022.

9.      Upon information and belief, Defendants, MADISON HAIR, INC. and A & B HAIR, INC., were the same enterprise and joint employers of Plainitff(s).

10.      Upon information and belief, Defendant,  MICHELLE HONG, is an owner, officer, director and/or managing agent of Defendants, MADISON HAIR, INC. and A & B HAIR, INC., who participated in the day-to-day operations of Defendants, MADISON HAIR, INC. and A & B HAIR, INC., and acted intentionally and maliciously and is an "employer" under the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as NYLL§ 2 and the Regulations, and is jointly and severally liable with Defendant.

11.      At all relevant times, Defendants, MADISON HAIR, INC. and A & B HAIR, INC., were, and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

12.      At all relevant times, the work performed by Plainitff(s) was essential to the business operated by Defendant(s).

13.      At all relevant times, Defendant(s) knowingly and willfully failed to pay Plainitff(s) a minimum wage for all hours worked, the overtime wage rate for all hours worked over forty (40) hours, and commissions at the agreed-upon rate in a week in contravention of the FLSA and NYLL.

## STATEMENT OF FACTS

*Danielle Chipoco*

14.      Plaintiff, DANIELLE M. CHIPOCO, was employed as a colorist/colorist assistant from July 2017 to October 2019.

3

15.     Plaintiff, DANIELLE M. CHIPOCO, began her employment as an hourly employee until January 2018, when she became a commission-based employee until termination of her employment.

16.     From July 2017 until October 2019, Plaintiff, DANIELLE M. CHIPOCO, worked as an hourly employee Tuesdays through Saturday, 10:00 a.m. to 8:00 p.m.; a regular schedule of fifty (50) hours a week.

17.     During the same period and continuing until November 2018, Plaintiff, DANIELLE M. CHIPOCO, was forced to attend "class" on Tuesdays until 10:00 p.m. and was not paid for her attendance.

18.     Beginning in January 2018, Plaintiff, DANIELLE M. CHIPOCO, was converted to a commission-only employee but would be paid as an hourly employee at the minimum wage rate whenever a colleague needed her assistance with a client.

19.     During this period, Plaintiff, DANIELLE M. CHIPOCO, worked the same schedule as stated above; however, she was not compensated an hourly rate, nor did she earn commissions greater than the minimum wage for 2018 and 2019.

20.     Further, upon Defendants' opening of a new location in November 2018, Plaintiff, DANIELLE M. CHIPOCO, was required to attend class on Mondays from 10:00 a.m. to 4:00 p.m. Her attendance was both mandatory and unpaid.

21.     During Plaintiff, DANIELLE M. CHIPOCO's, time as a commissioned employee, Defendants deducted ten percent (10%) of her commissions for "Back Bar Charges."

22.     During each respective period, Plaintiff, DANIELLE M. CHIPOCO, was not paid a minimum wage for all hours worked, was not paid at the overtime rate for all hours worked over forty (40) in a workweek, and was improperly deducted ten percent (10%) of her commissions.

4

*Brelynn Lexi Gonsales*

23.     Plaintiff, BRELYNN LEXI GONSALES, was employed as a colorist from April 2018 to October 2019.

24.     From April 2018 until February, 2019, Plaintiff, BRELYNN LEXI GONSALES worked as an hourly employee Tuesdays through Saturday, 10:00 a.m. to 7:00 p.m. with a half (1/2) hour lunch; a regular schedule of forty-two (42) hours a week.

25.     During the same time period, Plaintiff, BRELYNN LEXI GONSALES, was forced to attend "class" on Tuesdays until 10:00 p.m. and was not paid for her attendance.

26.     Further, upon Defendants' opening a new location in November 2018, Plaintiff, BRELYNN LEXI GONSALES, was required to attend class on Mondays from 10:00 a.m. to 4:00 p.m.; with such attendance being both mandatory and unpaid.

27.     Beginning in March 2019 through May 2019, Plaintiff, BRELYNN LEXI GONSALES, was converted to a an hourly employee and was only paid her hourly rate when performing services on clients.

28.     In the month June 2019 through October 2019, Plaintiff, BRELYNN LEXI GONSALES, was converted to a full time commission employee.

29.     During this time period, Plaintiff, BRELYNN LEXI GONSALES, worked the same schedule; however, she was not compensated an hourly rate, nor earn commissions greater than the minimum wage for 2019.

30.     From June 2019 through October 2019, Plaintiff, BRELYNN LEXI GONSALES, continued with work as a commission-only employee but would be paid as an hourly employee when a colleague would need assistance with a client.

31.     During Plaintiff, BRELYNN LEXI GONSALES, time as a commissioned employee, Defendants deducted ten percent (10%) of her commissions for "Back Bar Charges".

32.     Defendant(s) did not utilize a timekeeping device at the workplace to track hours worked by Plaintiff(s).

33.     Defendant, MICHELLE HONG, is an individual who, upon information and belief, owns the stock of MADISON HAIR, INC. and A & B HAIR, INC., and owns MADISON HAIR INC. and A & B HAIR, INC., and manages and makes all business decisions, including, but not limited to, the determination of salaries each employee will receive and the number of hours each employee will work.

34.     Defendant, MICHELLE HONG, exercised control over the terms and conditions of Plaintiff(s)' employment, in that MICHELLE HONG has and has had the power to: (i) hire and fire employees; (ii) determine rates and methods of pay; (iii) determine work schedules; (iv) supervise and control the work of the employees; and (v) otherwise affect the quality of the employees' employment.

35.     Plaintiff(s) were not correctly compensated wages at the overtime wage rate for all hours worked over forty (40) in a workweek.

36.     Defendant(s) knowingly and willfully operated their business with a policy of not paying Plaintiff(s) a minimum wage for all hours worked, the overtime wage rate for all hours worked over forty (40) hours, and commissions at the agreed-upon rate in violation of the FLSA and NYLL and the supporting Federal and New York State Department of Labor Regulations.

37.     At all relevant times, upon information and belief, and during Plaintiff(s)'s employment, the Defendant(s) failed to maintain accurate and sufficient time records.

38.    Defendant(s) did not provide Plaintiff(s) with an accurate wage statement or summary, accurately accounting for their actual hours worked, and setting forth their hourly rate of pay and overtime wages.

39.    Upon information and belief, this was done to disguise the actual number of hours the employees worked and to avoid paying them an overtime wage for all hours worked over forty (40) hours in a week.

40.    Defendant(s) willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and the NYLL by failing to maintain accurate and complete timesheets and payroll records.

41.    Plaintiff(s) have been substantially damaged by the Defendant(s)' wrongful conduct.

## STATEMENT OF CLAIM

### COUNT 1

### [Violation of the Fair Labor Standards Act]

42.    Plaintiff(s) re-allege and re-aver each and every allegation and statement contained in paragraphs "l" through "41" of this Complaint as if fully set forth herein.

43.    At all relevant times, upon information and belief, Defendant(s) was/were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

44.    At all relevant times, Defendant(s) employed Plaintiff(s) within the meaning of the FLSA.

45.    Upon information and belief, at all relevant times, Defendant(s) has/have had gross revenues above $500,000.

46.    Plaintiff(s) are entitled to be paid for all hours worked over forty (40) hours in a week at the overtime wage rate as provided for in the FLSA.

47.     Plainitff(s) are entitled to be paid for all hours worked at the minimum wage rate as provided for in the FLSA.

48.     Defendant(s) failed to pay Plaintiff(s)' compensation in the lawful amount for all hours worked and for all hours worked over forty (40) hours in a week as provided for in the FLSA.

49.     At all relevant times, each of the Defendant(s) had, and continue to have, a policy and practice of refusing to pay Plaintiff(s) for all hours worked and all hours worked over forty (40) hours in week in a workweek at the overtime wage rate which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 206(a)(1), 207(a)(l), and 215(a).

50.     Defendant(s) knowingly and willfully disregarded the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff(s) for all hours works and all hours worked over forty (40) hours in week at the overtime wage rate when they knew or should have known such was due, and that non-payment of a minimum wage and overtime rate would financially injure Plaintiff(s).

51.     Defendant(s) have failed to make, keep and preserve records concerning each of its employees that are sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21l(c) and 215(a).

52.     Records, if any, concerning the number of hours worked by Plaintiff(s) and the actual compensation paid to Plaintiff(s) are in the possession and custody of the Defendant(s). Plaintiff(s) intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

53.     Defendant(s) failed to disclose or apprise Plaintiff(s) adequately of their rights under the FLSA.

54.     As a direct and proximate result of Defendant(s)' willful disregard of the FLSA, Plaintiff(s) are entitled to liquidated damages under the FLSA.

55.     Due to the intentional, willful and unlawful acts of the Defendant(s), Plainitff(s) suffered damages in an amount not presently ascertainable of unpaid wages and unpaid wages at the overtime wage rate and, an equal amount as liquidated damages, and prejudgment interest thereon.

56.     Plaintiff(s) are entitled to an award of their reasonable attorneys' fees, costs, and expenses under 29 U.S.C. § 216(b).

### COUNT 2

### [Violation of the New York Labor Laws]

57.     Plaintiff(s) re-allege and re-aver each and every allegation and statement contained in paragraphs "l" through "56" of this Complaint as if fully set forth herein.

58.     The wage provisions of the NYLL apply to Defendant(s) and protect the Plaintiff(s).

59.     Defendant(s), under their policies and practices, refused and failed to pay the earned wage for all hours worked and the overtime wage rate to Plaintiff(s) for all hours worked over forty (40) hours in a week.

60.     By failing to compensate Plaintiff(s) a wage for all hours worked and all hours worked over forty (40) hours in a week at the overtime wage rate, Defendant(s) violated Plaintiff(s)' statutory rights under the NYLL.

61.     Defendant(s), under their policies and practices, refused and failed to pay the full earned commission by unlawfully deducting ten (10%) of commissions earned by Plaintiff(s).

62.     By failing to compensate Plaintiff(s) their full earned commission, Defendant(s) violated Plaintiff(s) statutory rights under the NYLL.

63.     The preceding conduct, as alleged, constitutes a willful violation of the NYLL without a sound or reasonable basis.

64.     Therefore, Defendant(s) knowingly and willfully violated Plainitff(s)' rights by failing to pay Plainitff(s) by failing to compensate Plainitff(s) a wage for all hours worked, a wage at the overtime rate for all hours worked over forty (40) in a workweek, and by failing to pay the fully earned commission by unlawfully deducting ten percent (10%) of commissions earned.

65.     Due to the Defendant(s)' NYLL violations, Plainitff(s) are entitled to recover from Defendant(s) unpaid wages, unpaid wages at the overtime wage rate, due commissions at the agreed upon rate, recoupment of unlawful deductions, reasonable attorneys' fees, and costs and disbursements of this action, under NYLL § 663(1) et al. and§ 198.

66.     Plainitff(s) also seek liquidated damages under NYLL § 663(1).

## COUNT 3

### [Failure to provide a Wage Notice]

67.     Plaintiff(s) re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "66" of this Complaint as if fully set forth herein.

68.     The New York State Wage Theft Prevention Act and NYLL § 195(1) require every employer to notify its employees in writing, among other things, of the employee's rate of pay and regular payday.

69.     Defendant(s) has/have willfully failed to supply Plainitff(s) with a proper wage notice, as required by NYLL, § 195(1), within ten (10) days of the start of their employment.

70.     Through their knowing or intentional failure to provide the Plainitff(s) with the wage notice required by the NYLL, Defendant(s) willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

71.     Due to Defendant(s)' willful violations of NYLL, Article 6, § 195(1), Plainitff(s) are entitled to statutory penalties of fifty ($50.00) dollars each day that Defendant(s) failed to provide Plainitff(s) with an accurate wage notice and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-b).


### COUNT 4

#### [Failure to provide Wage Statements]

72.     Plainitff(s) re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "71" of this Complaint as if fully set forth herein.

73.     Defendant(s) has/have willfully failed to supply Plainitff(s) with an accurate wage statement, as required by NYLL, § 195(3).

74.     Through knowingly or intentionally failing to provide the Plainitff(s) with an accurate wage statement as required by the NYLL, Defendant(s) willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

75.     Due to Defendant(s)' willful violations of NYLL, Article 6, § 195(3), Plainitff(s) are entitled to statutory penalties of two hundred and fifty dollars ($250.00) dollars each day that Defendant(s) failed to provide Plainitff(s) with wage statement and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-d).

## **PRAYER FOR RELIEF**

WHEREFORE, Plainitff(s) request that this Court grant the following relief:

(a)    An award of unpaid wages and unpaid wages at the overtime wage rate due under the FLSA;

(b)    An award of liquidated damages as a result of Defendant(s)' failure to pay wages at the regular rate and overtime wage rate under 29 U.S.C. § 216;

(c)    An award of unpaid wages at the minimum wage rate, unpaid wages at overtime wage rate, due commissions at the agreed upon rate; and recoupment of unlawful deductions under the NYLL;

(d)    An award of liquidated damages and statutory penalties as a result of Defendant(s)' failure to pay wages at the regular rate, wages at the overtime wage rate, unpaid commissions, unlawful deductions; failure to provide accurate wage notices, and failure to provide accurate wage statements under the NYLL;

(e)    An award of prejudgment and post-judgment interest;

(f)    An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(g)    Such other and further relief as this Court determines to be proper.

Dated: New York, New York
       May 4, 2020

Respectfully submitted

By: _____
        Lawrence Spasojevich (LS 1029)

By: _____
        Imran Ansari (IA 1978)