LAW OFFICES OF

## *Aidala, Bertuna & Kamins, P.C.*

ARTHUR L. AIDALA
MARIANNE E. BERTUNA
HON. BARRY KAMINS (RET.)
JOHN S. ESPOSITO
MICHAEL T. JACCARINO
IMRAN H. ANSARI
ANDREA M. ARRIGO
DIANA FABI SAMSON

SENIOR COUNSEL
LOUIS R. AIDALA
JOSEPH P. BARATTA

546 FIFTH AVENUE
NEW YORK, NY 10036
TELEPHONE: (212) 486-0011
FACSIMILE: (212) 750-8297
WWW.AIDALALAW.COM

8118-13TH AVENUE
BROOKLYN, NEW YORK 11228
TEL: (718) 238-9898
FAX: (718) 921-3292

OF COUNSEL
JOSEPH A. BARATTA
ANTOINETTE LANTERI
WILLIAM R. SANTO
PETER S. THOMAS
LAWRENCE SPASOJEVICH

January 18, 2021

Hon. Paul Engelmayer
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007
**Filed via ECF**

RE:    ***Danielle Chipoco et. al. vs. Madison Hair Inc. et. al.,***
          **Docket No. 1:19-cv-11446-PAE-KNF (Settlement Approval)**

Dear Judge Engelmayer:

Plaintiff, Danielle Chipoco (hereinafter "Chipoco"), Plaintiff, Brelynn Lexi Gonsales (hereinafter "Gonsales") (hereafter together "Plaintiffs"), and Defendants, Madison Hair Inc. et. al., ("Defendants") jointly request that Your Honor review and approve the settlement reached in this matter.  This settlement was reached via use of this Court's Mediation Program after a mediation session was held in front of Phillip Goldstein, Esq. A copy of the executed settlement agreement is annexed herein as Exhibit "**A**."

## BACKGROUND

Plaintiffs filed a Complaint asserting that Defendants violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by failing to pay wages at the overtime rate, failing to pay for all hours worked, unlawful deductions, failing to provide a wage notice pursuant to §195(1) of the NYLL, and failing to provide accurate wage statements pursuant to §195(3).

## CLAIMS AND DEFENSES

**Plaintiffs' Claims**

Plaintiff, Chipoco, claims she was employed by the Defendants, as joint employers, from July 2017 through October 2019. Plaintiff filed a complaint, alleging that Defendants failed to pay her in accordance under the FLSA, 29 U.S.C. §§ 201 *et seq*. and the NYLL. Further, Chipoco also sought statutory damages based on Defendants' alleged failure to provide certain wage notices and earning statements that NYLL requires under the Wage Theft Prevention Act. During her employment period, Chipoco claims that she was required to work a forty (45) hour work week, including a class every Tuesday until 10:00 p.m. Chipoco claims she was paid

hourly only when assisting hairstylists and was paid commission for the remaining work hours. Additionally, Chipoco claims she was not compensated for attending mandatory classes.

Plaintiff, Gonsales, claims she was employed by the Defendants, as joint employers, from April 2018 through October 2019. Plaintiff filed a complaint, alleging that Defendants failed to pay her in accordance under the FLSA, 29 U.S.C. §§ 201 *et seq*. and the NYLL. Further, Gonsales also sought statutory damages based on Defendants' alleged failure to provide certain wage notices and earning statements that NYLL requires under the Wage Theft Prevention Act. During her employment period, Gonsales claims that she was required to work a forty (45) hour work week, including a class every Tuesday until 10:00 p.m. Gonsales claims she was paid hourly only when assisting hairstylists and was paid commission for the remaining work hours. Additionally, Gonsales claims she was not compensated for attending mandatory classes.

**Defendants' Response**

Defendants deny violating any wage and hour laws and vigorously defended against Plaintiffs' allegations in this action. Specifically, Defendants contend that Plaintiffs were properly and fully compensated for all work performed and Defendants produced time and payroll records to Plaintiffs in support of their position. According to Defendants, Plaintiffs' allegations relating to the hours that they worked and wages they received are erroneous and inaccurate and Plaintiffs are not owed any unpaid wages or other amounts. As a result, the parties maintained very divergent assessments of the precise value of Plaintiffs' FLSA claims. A resolution of this question would require a close evaluation of numerous issues of fact and ultimately would likely require a finder of fact to determine issues of credibility. Due to the fact-intensive nature of these inquiries, it is likely that the issue of damages would not be resolved until after additional paper discovery, multiple depositions and trial. Further, it must be noted that Defendants are experiencing significant financial difficulties due to the COVID-19 pandemic and the general reluctance of customers to patronize beauty salons.

Therefore, Plaintiffs face obvious risks in establishing damages and collecting any judgment obtained against Defendants in the event Plaintiffs prevailed at trial. The parties reached this settlement at an early phase of the litigation—before the parties engaged in depositions and before any dispositive motion practice. The parties were able to reach this settlement after participating in mediation and arms-length settlement negotiations on their own. Accordingly, resolving the action on behalf of the Plaintiffs at this early juncture provides certainty in that they will receive compensation for their claims for unpaid wages.

In light of the significant litigation risks outlined above, all parties believe that this settlement is fair. Although there is a possibility that Plaintiffs could recover higher damages if the case proceeded to trial, there is also the possibility that they could receive much lower damages, or nothing at all, and as such, the risks and uncertainties discussed above are substantial. Moreover, Plaintiffs will be able to recover settlement funds more expeditiously, and with more certainty, than a trial judgment, since the parties would need to take depositions before trial could commence.

## SETTLEMENT AMOUNT

The Parties resolved this matter through an agreement in the monetary amount of $125,000.00. Chipoco will receive a total of $49,600.00 after the deduction of attorneys' fees. Gonsales will receive a total of $33,733.00 after the deduction of attorney's fees. Aidala, Bertuna & Kamins, P.C. will receive $41,666.66 in attorneys' fees and costs.

Based upon the allegations in the Complaint and a review of the records in this matter after a lengthy discovery process, Chipoco's best case award would be $61,149.55 in unpaid wages, $61,149.55 in liquidated damages, and $10,000.00 for violations of the Wage Theft Prevention Act.

Therefore, given the defenses asserted by the Defendants, a settlement of $49,600.00 which nearly compensates Chipoco **eighty percent (80%)** of wages owed after the deduction of attorney's fees, as alleged by Chipoco, is a fair and reasonable settlement resulting from an arms-length negotiation between experienced counsel and mediation through the SDNY Mediation Program.

Based upon the allegations in the Complaint and a review of the records in this matter after a lengthy discovery process, Gonsales' best case award would be $34,696.64 in unpaid wages, $34,696.64 in liquidated damages, and $10,000.00 for violations of the Wage Theft Prevention Act.

Therefore, given the defenses asserted by the Defendants, a settlement of $33,733.00 which nearly compensates Gonsales **ninety-seven percent (97%)** of wages owed, as alleged by Gonsales, is a fair and reasonable settlement resulting from an arms-length negotiation between experienced counsel and mediation through the SDNY Mediation Program.

## ATTORNEY FEES

Under Plaintiffs' professional services-contingency fee agreement with the Plaintiffs' counsel, the settlement agreement provides that Plaintiffs' counsel will receive $41,666.66 in attorney's fees and costs. According to the retainer agreement, Plaintiffs' counsel is to receive one-third of any recovery and reimbursement for all expenses incurred. To date, Plaintiffs' counsel bore all costs of litigation and litigated a risky FLSA/NYLL case without compensation of any kind to date, and counsel's fee has been wholly contingent upon the result achieved.

Here, the attorney fee, which accounts for one-third of the total settlement amount, is consistent with contingency fee agreements that the Second Circuit commonly approves in FLSA cases. *See Najera v. Royal Bedding Company, LLC,* No. 13-cv-1767, 2015 WL 3540719 (E.D.N.Y. June 3, 2015)*; See also Rangel v. Grand St. Meat & Produce Corp.,* No. 13-cv-3234 (E.D.N.Y. Sept. 19, 2013).

The courts routinely utilize the lodestar method when approving attorney's fees under a contingency agreement. *See Sakiko Fujiwara v. Sushi Yasuda Ltd.,* 58 F.Supp.3d 424 (S.D.N.Y. 2014).

The amount of attorney's fees is based on the presumptively reasonable fee, sometimes called the lodestar. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183, 189-90 (2d Cir. 2008). The presumptively reasonable fee is the product of the reasonable hours in the case and the reasonable hourly rate. *See Millea v. Metro-N R.R. Co.,* 658 F.3d 154, 166 (2d Cir. 2011).

The reasonable hourly rate is determined by whether "the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *See Blum v. Stenson*, 465 U.S. 886, 896 (1984). However, the Court may adjust the hourly rate to account for other case-specific variables including the factors set forth in *Johnson v. Georgia Highway Express, Inc.*:

> (1) the time and labor required;
> (2) the novelty and difficulty of the questions;
> (3) the skill requisite to perform the legal service properly;
> (4) the preclusion of employment by the attorney due to acceptance of the case;
> (5) the customary fee;
> (6) whether the fee is fixed or contingent;
> (7) time limitations imposed by the client or the circumstances;
> (8) the amount involved or the results obtained;
> (9) the experience, reputation, and ability of the attorneys;
> (10) the 'undesirability of the case;'
> (11) the nature and length of the professional relationship with the client; and,
> (12) awards in similar cases.

> > *See Hensley v. Eckerhart*, 461 U.S. 424, 43o n.3 (1983) (citing *Johnson*, 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 92-93 (1989); *see also Arbor Hill*, 522 F.3d at 186 n.3 (citing the *Johnson* factors).

But, this Court need not make separate findings as to all twelve *Johnson* factors. *Lochren v. Cnty. of Suffolk*, 344 Fed. App'x 706, 709 (2d Cir. 2009).

Recent reasonable hourly rates awarded in similar cases range from $200 to $600 per hour for similar small firms. *See Rosendo v. Everbrighten Inc.*, No. 13 CV 7256, 2015 U.S. Dist. LEXIS 50323, at *23-24 (S.D.N.Y. Apr. 7, 2015) (finding rates for three attorneys from a small firm specializing in wage and hour litigation over five other cases to be from $200 to $425 and awarding between $225 and $400); *See also Guallpa v. NY Pro Signs Inc.*, No. 11 CV 3133, 2014 U.S. Dist. LEXIS 77033, at *28-30 (S.D.N.Y. May 27, 2014) (finding rates for three attorneys from one small firm over three other wage and hour cases to be from $350 to $600 and awarding within the same range in wage and hour case).

Plaintiffs seek an hourly rate of $400.00 for Lawrence Spasojevich, who was an attorney at the Law Offices of James F. Sullivan, P.C. and now an attorney at Aidala, Bertuna & Kamins, P.C. Lawrence Spasojevich is a 2009 graduate of the University of San Diego School of Law. Lawrence Spasojevich was admitted to the New York State Bar in 2011, admitted to the United States District Court, Southern District of New York in 2018, and admitted to the United States District Court, Eastern District of New York in 2018. Seventy percent (70%) of Lawrence Spasojevich's case load concentrates on wage and hour matters, either individual, multi-plaintiff, or collective actions, in the Eastern District of New York, Southern District of New York, and New York State Courts. Before joining the Law Offices of James F. Sullivan, P.C. and Aidala, Bertuna & Kamins, P.C., Lawrence Spasojevich was an Assistant General Counsel, Level III at the Office of the Mayor, Office of Labor Relations for the City of New York, where he was involved in wage and hour disputes, FMLA actions, and collective bargaining.

Here, the fee amount of $41,666.66 is greater than the lodestar amount of $35,525.00 Contemporaneous time records of work performed concerning the case are attached hereto as Exhibit "**B**." The proposed allocation represents a lodestar multiplier of **1.17**. Although the lodestar multiplier is determinative only for a common fund settlement, courts have considered it in individual settlements, and here it is in line with settlements approved in other cases. *See, e.g.*, *Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014) (awarding fee that represented 2.28 multiplier of modified lodestar calculation and noting that "multiplier near 2 compensates [Plaintiff's counsel] appropriately"). The Plaintiffs and the Plaintiffs' counsel have a contingent fee agreement compensating the Plaintiffs' counsel one-third of any settlement plus prepaid costs and expenses. Nothing additional is to be paid by the Plaintiffs to the Plaintiffs' counsel.

## THE SETTLEMENT SHOULD BE APPROVED

"Court approval of an FLSA settlement is appropriate when the settlement reached as a result of contested litigation resolves bona fide disputes." *Johnson v. Brennan*, No. 10-cv-471, 2011 WL 4357376, at * 12 (S.D.N.Y. 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, "the court should approve the settlement." Id. (*citing Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1351 n. 8 (11th Cir. 1982). Plaintiff's recovery – after attorney's fees – is fair and reasonable. *See, e.g., Meigel v. Flowers of the World. NYC. Inc.,* No. 11, Civ. 465, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an accurate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement."); *Hernandez v. C-Penn Foods Inc.,* No. 11 Civ. 7410, 2011 U.S. Dist LEXIS 144978 at *2 (S.D.N.Y. 2011) ("[G]iven the disputed issues of fact relating to Plaintiff's wage claims and the fact that the settlement was reached pursuant to arms-length negotiations, the Court finds that the settlement agreed to in this action is fair and reasonable.").

Plaintiffs' recollection of hours is sufficient to prove the hours worked and the wages received; however, this recollection is not binding on the fact finder. *See Gorman v. Consol. Edison Corp.,* 488 F.3d 586, 590 (2d Cir. 2007). Given Plaintiffs' interest in the outcome of this

matter, it is probable that the fact finder would apply some discount factor to claimed hours, especially as Defendants possess time records of purported hours worked.

Given the conflicting evidence, the fact that the settlement was negotiated at arms-length with experienced counsel, the settlement amount reflects a near total recovery of unpaid wages, the guarantee of payment, and the speed of payment, it is respectfully requested that the Court approve the parties' settlement agreement. *See Reyes v. Altamarea Group. LLC,* 10-cv-645I (RLE), 2011 WL 4599822 at *6 (S.D.N.Y. Aug. 16, 2011).

We thank the Court for its attention to this matter.

Respectfully,

_____/S/_____

Lawrence Spasojevich, Esq.
*Attorney for Plaintiffs*

_____/S/_____

Frank Brennan, Esq.
*Attorney for Defendants*